**AFFIRM; and Opinion Filed August 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-01655-CV**

**ROBERT R. COLE, JR., Appellant**
**V.**
**GWENDOLYN PARKER, INC., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-00513-D**

## MEMORANDUM OPINION
Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Appellant Robert R. Cole, Jr. appeals from a judgment awarding appellee Gwendolyn Parker, Inc. (GPI) compensatory damages relating to provision of court reporting services as well as attorney's fees, pre-judgment interest, and court costs. In three issues, Cole asserts (1) the trial court erred by awarding damages to GPI because the government code only allows individual court reporters to sue for recovery of their fees; (2) the trial court erred by awarding damages to GPI because the two depositions for which GPI sought court reporting fees contained transcription errors, causing a diminished settlement for his client; and (3) the trial court erred by not awarding him damages as a counter-plaintiff because the great weight and preponderance of the evidence established that transcription errors in the deposition transcripts resulted in a diminished settlement for his client. We affirm the trial court's judgment.

**Background**

GPI, a court reporting firm, sued Cole, an attorney, in justice court to recover court reporter's fees for transcription of two depositions, pre-judgment interest, and attorney's fees. In GPI's pleading, signed by Gwendolyn Parker (Parker) as its authorized agent, GPI alleged breach of contract, quantum meruit, promissory estoppel, and unjust enrichment. A take nothing judgment in favor of Cole was signed by the justice court, and GPI perfected its appeal of the justice court's judgment to the county court for a de novo trial, where GPI's claims against Cole were heard in a bench trial.

At trial, Parker, a certified court reporter for thirty years, testified she is the owner and manager of GPI, a court reporting firm incorporated in 2005. Parker subcontracts deposition transcription when she is unable to personally attend the deposition. GPI was contacted by Cole to transcribe depositions on Tuesday and Wednesday, November 21, and 22, 2006, in *T.W. Tire & Service, Inc. v. Franklin Bank, S.S.B. d/b/a Cedar Creek Bank and Cynthia Lynne Holloway*, Cause No. DC-05-11588, 95th Judicial District Court, Dallas County, Texas (the underlying lawsuit). The deposition transcripts were to be delivered on an expedited basis to Cole on Monday, November 27, 2006. GPI subcontracted with certified court reporter Cynthia Honza to transcribe the deposition of Amanda Patterson on November 21, 2006. After Patterson's deposition was completed, Honza e-mailed the deposition transcript to Parker, who then printed and e-mailed the transcript to Cole on Monday, November 27, 2006. GPI subcontracted with certified court reporter Gayle Clift to transcribe the deposition of Karen Foote on November 22, 2006. After completion of Foote's deposition, Clift e-mailed the deposition transcript to Parker, who then printed and e-mailed the transcript to Cole on Monday, November 27, 2006.

Cole never complained that Parker had not personally transcribed the depositions of Patterson and Foote. GPI paid subcontractors Honza and Clift for their services, and on January 21, 2007, Parker forwarded GPI invoices for these services to Cole in the amounts of $2,245.90 and $2,381.00, representing court reporting charges for the depositions of Patterson and Foote, respectively. Approximately six months after the invoices were forwarded to Cole, Cole's client in the underlying lawsuit sent a check to GPI in the amount of $500 as partial payment for the court reporting services. However, that check was dishonored by the bank. By letter dated June 28, 2010, GPI's former attorney, William W. Collins, Jr., forwarded a demand letter to Cole for payment pursuant to chapter 38 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015) (reasonable attorney's fees may be recovered in connection with a valid claim on an oral or written contract). Parker testified GPI sought breach of contract damages of $4,626.90, prejudgment interest of $1,862.71, and attorney's fees.

Clift testified she is a certified court reporter and that she subcontracted with GPI to transcribe Foote's deposition on November 22, 2006. Clift indicated she appeared at Foote's deposition on behalf of GPI. Cole was the first attorney who asked a question of the witness in that deposition. Clift was told the issue of who bore responsibility for paying for transcription of the depositions on November 21 and 22, 2006 had been determined at the November 21, 2006 deposition. After Foote's deposition, Cole thanked Clift and told her she had done a good job. Foote signed her deposition transcript and noted no required changes to the transcript. Clift was paid by GPI for her court reporting services relating to Foote's deposition.

Honza testified she is a certified court reporter. Honza indicated Parker contacted the court reporting firm Honza worked for and requested that a court reporter be made available to transcribe the deposition of Patterson on November 21, 2006 and prepare the transcription on an expedited basis. Honza transcribed that deposition and forwarded the deposition transcript to

Parker. A certified copy of Patterson's deposition transcript was forwarded to Cole. Honza recalled no complaint regarding the deposition transcription, and the witness noted no required changes on the errata page of the transcript.

Attorney William W. Collins, Jr. testified regarding his representation of GPI in the justice court and his attorney's fee of $1,653 incurred in that representation. Attorney Ronald D. Holub testified regarding his representation of GPI in the appeal from the judgment of the justice court. Holub testified that $1,500 represented a reasonable and necessary attorney's fee for pursuing GPI's claims against Cole for the unpaid court reporting invoices.

Cole testified he was the lead attorney representing T.W. Tire & Service, Inc. in the underlying lawsuit. Although not in evidence at trial, Cole testified that prior to the depositions of Patterson and Foote, Sherrill Watson, an owner of T.W. Tire & Service, signed documentation indicating she was responsible for payment of the court reporting charges for the depositions. Further, Cole testified that although he was unaware of her action at the time it was taken, Watson sent "checks" to GPI after the depositions "acknowledging that she owed the money." Cole testified that he "deposed the four bank officers" in the underlying case. Cole acknowledged that he asked the first question of the witness in the depositions of Patterson and Foote and that neither deposition contains any discussion regarding who was responsible for payment of court reporting charges. Cole asserted GPI breached the oral contract for court reporting services relating to the depositions of Patterson and Foote because Parker did not transcribe the depositions herself. Although Cole testified there were errors in the transcriptions, Cole acknowledged he did not pursue any procedural remedy, such as filing a motion to suppress

all or part of the deposition transcripts under rule of civil procedure 203.5.[1] The record contains no counter-claim against GPI or third-party petition against Parker.

The trial court signed a final judgment in favor of GPI, awarding it compensatory damages in the amount of $4,626.90, pre-judgment interest in the amount of $1,862.71, attorney's fees in the amount of $3,150.00, and costs of court. Cole did not file a motion for new trial or request findings of fact and conclusions of law. Cole filed this appeal.

## Liability for Court Reporters' Charges

In his first issue, Cole argues the trial court erred as a matter of law in awarding damages to GPI because section 52.059 of the government code allows only individual court reporters to sue for recovery of their fees. GPI responds that Cole's interpretation of section 52.059 is erroneous and contrary to the plain language of the statute.

GPI sued Cole for breach of an oral contract to provide court reporting services relating to the depositions of Patterson and Foote. *See* TEX. GOV'T CODE ANN. § 52.001(5) (West Supp. 2014) ("Shorthand reporting" and "court reporting" mean "the practice of shorthand reporting for use in litigation in the courts of this state by making a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner using written symbols in shorthand, machine shorthand, or oral stenography."). Cole does not dispute that there was an oral contract for court reporting services relating to those depositions.

---

[1] Rule 203.5 provides:

> A party may object to any errors and irregularities in the manner in which the testimony is transcribed, signed, delivered, or otherwise dealt with by the deposition officer by filing a motion to suppress all or part of the deposition. If the deposition officer complies with Rule 203.3 [regarding delivery of a deposition transcript or nonstenographic recording] at least one day before the case is called to trial, with regard to a deposition transcript, or 30 days before the case is called to trial, with regard to a nonstenographic recording, the party must file and serve a motion to suppress before trial commences to preserve the objections.

TEX. R. CIV. P. 203.5.

However, he contends the oral contract was with Parker individually for her personal court reporting services. Cole did not request findings of fact and conclusions of law.

When a party neither files nor requests findings of fact or conclusions of law, the trial court's judgment implies all necessary findings of fact to support it. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). In the absence of findings of fact, we may uphold the judgment on any legal theory supported by the pleadings and evidence. *Weisfeld v. Tex. Land Fin. Co.*, 162 S.W.3d 379, 381 (Tex. App.—Dallas 2005, no pet.) (citing *Holt*, 835 S.W.2d at 83–84). We consider only the evidence most favorable to the implied fact findings and disregard all opposing or contradictory evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages as a result of the breach. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.). There is evidence of record indicating Cole orally contracted with GPI through its owner and manager, Parker, for the provision of court reporting services relating to the depositions of Patterson and Foote. Parker testified that when contacted by Cole, she agreed to "schedule" court reporters to attend and transcribe the depositions of Patterson and Foote. Parker then subcontracted with Clift and Honza to provide the court reporting services. Record evidence indicates Cole did not complain that Parker had not personally provided court reporting services for the depositions. GPI paid Clift and Honza for the subcontracted court reporting services and, in turn, billed Cole for those services. Cole has not paid GPI for the court reporting services. We conclude the evidence supports the trial court's implied findings that a valid contract existed between Cole and GPI for

court reporting services relating to the depositions of Patterson and Foote, GPI performed the contract, Cole breached the contract, and GPI sustained damages as a result of the breach.

On appeal, Cole contends GPI, a court reporting firm,[2] does not have standing to seek recovery of court reporter charges relating to the depositions of Patterson and Foote because section 52.059 of the government code allows only individual court reporters[3] to sue for recovery of their fees.[4]  Section 52.059 of the government code creates statutory liability for an attorney and his law firm for court reporter fees associated with a deposition unless the attorney states on the record of the deposition that he and his law firm will not be responsible.  Specifically, section 52.059 provides in pertinent part:

> (a)  Except as provided by Subsection (c), an attorney who takes a deposition and the attorney's firm are jointly and severally liable for a shorthand reporter's charges for:
>> (1)  the shorthand reporting of the deposition;
>> (2)  transcribing the deposition; and
>> (3)  each copy of the deposition transcript requested by the attorney.
>
> (b)  Except as provided by Subsection (c), an attorney who appears at a deposition and the attorney's firm are jointly and severally liable for a shorthand reporter's charges for each copy of the deposition transcript requested by the attorney.
>
> (c)  Prior to the taking of any deposition, a determination of the person who will pay for the deposition costs will be made on the record, if an attorney is unwilling to be bound by the provisions of Subsection (a) or (b).

TEX. GOV'T CODE ANN. § 52.059(a) & (b) (West 2013).  An attorney "takes" a deposition if the attorney obtains the deponent's appearance through an informal request, obtains the deponent's

---

[2] Section 52.059 of the government code defines "court reporting firm" as "an entity wholly or partly in the business of providing court reporting or other related services in this state." TEX. GOV'T CODE ANN. § 52.001(6).

[3] Section 52.059 of the government code defines "shorthand reporter" and "court reporter" as "a person who engages in shorthand reporting." TEX. GOV'T CODE ANN. § 52.001(4).

[4] A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority. *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).  In Texas, the standing doctrine requires that there be (1) "a real controversy between the parties," that (2) "will be actually determined by the judicial declaration sought."  *Id.* at 662 (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993)).  Without standing, a court lacks subject matter jurisdiction to hear the case. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).  Thus, the issue of standing may be raised for the first time on appeal. *Id.*

appearance through formal means, including a notice of deposition or subpoena, or asks the first question in the deposition. *Id.*, § 52.059(d)(2).[5]

We are unpersuaded by Cole's assertion that section 52.059(a) precludes a court reporting firm, such as GPI, from seeking payment for court reporters' charges. First, we do not read section 52.059 to supersede common law principles of contract formation and we have concluded, *supra*, that evidence supports the trial court's implied finding that a valid contract existed between Cole and GPI for court reporting services relating to the depositions of Patterson and Foote. Second, we construe a statute in accordance with its plain language. *See Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025, at *1 (Tex. Apr. 24, 2015) (in construing a statute, we give effect to the Legislature's intent, which requires us to look to statute's plain language; if that language is unambiguous, we interpret the statute according to its plain meaning); *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). Nothing in the language of section 52.059 explicitly or implicitly invalidates the contract formed between Cole and GPI. The statute does not by its terms provide, or even remotely imply, that only an individual, as opposed to a court reporting business entity, may seek payment for court reporting services. *See Dallas Cty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 51 (Tex. App.—Dallas 2012, pet. denied) (op. on reh'g) (chapter 52 of the government code governs court reporters and shorthand reporting firms; section 52.059(a) provides "an attorney who takes a deposition and the attorney's firm are jointly and severally liable for a shorthand reporter's charges" for reporting and transcribing the deposition and for each copy of transcript requested by the attorney). Instead, the plain language of section 52.059 creates a statutory liability for an attorney and his

---

[5] Cole testified that before Patterson's and Foote's depositions, Watson, an owner of T.W. Tire & Service, signed documentation indicating she was responsible for payment of the court reporting charges for the depositions. However, that documentation is not in evidence and was not referenced in either Patterson's or Foote's deposition. Therefore, there was no "determination of the person who will pay for the deposition costs . . . on the record," if Cole was unwilling to be bound by subsection (a) of section 52.059. *See* TEX. GOV'T CODE ANN. § 52.059(c). It was undisputed at trial that Cole asked the first question in Patterson's and Foote's depositions. Under section 52.059(d)(2), Cole would, therefore, be liable for court reporter's charges because he asked the first question in Patterson's and Foote's depositions. *See* TEX. GOV'T CODE ANN. § 52.059(d)(2)(c).

law firm for court reporting fees if the attorney fails to state on the record of a deposition that neither he nor his law firm will be responsible for the fees. In this case, Cole failed to state on the record of the depositions of Patterson and Foote that neither he nor his law firm would be responsible for court reporting fees, *see* TEX. GOV'T CODE ANN. § 52.059(c), and he asked the first question in each deposition, *see id.* § 52.059(d)(2), which form a basis for Cole's liability to GPI independent of a common law breach of contract theory.

We conclude the trial court did not err in entering judgment in favor of GPI on its claim for breach of contract against Cole. We resolve Cole's first issue against him.

**Failure of Consideration**

In his second issue, Cole asserts the trial court erred in awarding damages to GPI because the deposition transcripts contained transcription errors which resulted in a diminished settlement for his client in the underlying lawsuit. According to Cole, the trial court "had no evidence to deny Cole's affirmative defense of failure of consideration."

The party asserting an affirmative defense bears the burden of pleading and proving its elements. *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied). Rule 94 of the rules of civil procedure requires a party to plead affirmatively those defenses listed in the rule. *See* TEX. R. CIV. P. 94; *Tenet Health Sys. Hosps. Dallas, Inc. v. N. Tex. Hosp. Physicians Group, P.A.*, 438 S.W.3d 190, 204 (Tex. App.—Dallas 2014, no pet.) (generally, affirmative defense must be pleaded in responsive pleading or defense is waived); *see also MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136–37 (Tex. 2014) (rule 94 requires that affirmative defenses be raised before trial). Failure of consideration is listed in rule 94 as an affirmative defense that must be pleaded. *See* TEX. R. CIV. P. 94.

The record contains no pleading by Cole.[6]  Because Cole waived the affirmative defense of failure of consideration, we resolve his second issue against him.

## Cole's Damages

In his third issue, Cole contends the trial court erred by not awarding him damages as a counter-claimant "because the great weight and preponderance [sic] established that the transcription errors contained in the Court Reporter's record resulted in a reduced settlement amount to the plaintiff's [sic] in the underlying case."  We disagree.

The record contains no pleading by Cole seeking damages, and specifically, contains no counter-petition.[7]  A party may not be granted relief in the absence of a pleading to support that relief.  TEX. R. CIV. P. 301 (judgment must conform to pleadings); *see Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *DeGroot v. DeGroot*, 369 S.W.3d 918, 925 (Tex. App.—Dallas 2012, no pet.).[8]  There being no pleading in the record pursuant to which Cole could recover damages, we resolve Cole's third issue against him.

## Conclusion

Having resolved Cole's issues against him, we affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
131655F.P05                                            JUSTICE

---

[6] Although Cole purportedly filed a third-party petition against Parker, a discussion on the record reflects it was never served on Parker. The justice court's final judgment states, "3rd Party Plaintiff, Robert R. Cole, Jr., although warned that filing fees must be paid to maintain a claim for relief, failed to pay the requisite filing fees" and ordered "Defendant's 3rd Party Plaintiff claim for relief against 3rd Party Defendant is dismissed."  Cole did not appeal that dismissal in county court.

[7] The record contains the trial court's statement to Cole that "there is no claim here on file or subject to this Court with — on jurisdictional grounds where I could grant any relief to you."

[8] We further note the trial court's judgment states that only GPI's claims against Cole were properly before it on appeal from the justice court.

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT R. COLE, JR., Appellant

No. 05-13-01655-CV      V.

GWENDOLYN PARKER, INC., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas,
Trial Court Cause No. CC-13-00513-D.
Opinion delivered by Justice Fillmore, Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Gwendolyn Parker, Inc. recover its costs of this appeal from appellant Robert R. Cole, Jr.

Judgment entered this 4th day of August, 2015.