**AFFIRM, IN PART, REVERSE AND RENDER IN PART; and Opinion Filed January 17, 2023.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-21-00844-CV

**ALYSSE BARLOW, Appellant**

**V.**

**KENDALL RICHARDSON, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-16151**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Rosenberg[1]
Opinion by Justice Rosenberg

Alysse Barlow appeals the trial court's judgment awarding Kendall Richardson ownership of a miniature Schnauzer named Theon (the "Canine"). In three issues, Barlow asserts the trial court erred (1) in awarding the Canine to Richardson because Barlow is the sole owner of same, (2) in awarding Richardson attorney's fees, and (3) in awarding her less than the fair market value of the Canine. We reverse the award of attorney's fees and render a take-nothing judgment on the

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned.

request for attorney's fees. We affirm the remainder of the judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

For a short period of time, Barlow and Richardson were in a dating relationship. After their relationship ended, a dispute arose between them over the ownership of the Canine, who was acquired from Barlow's employer, Petland, during the dating relationship. Richardson initiated this suit claiming a 50% ownership interest in the Canine and seeking to partition her interest in same under Chapter 23 of the Texas Property Code. Barlow answered, denying Richardson's claim of ownership, and asserted claims against Richardson for conversion, trespass to chattels, and fraud.

The case proceeded to a bench trial. Richardson and Barlow testified, as did Richardson's mother and various Petland employees. The trial court rendered judgment awarding to Richardson sole ownership of the Canine and attorney's fees in the amount of $12,000 and ordering Richardson to pay Barlow $600 as consideration for her 50% ownership interest in the Canine. Barlow did not timely file a request for findings of fact and conclusions of law and the trial court did not issue same. This appeal followed.

## DISCUSSION

When no findings of fact or conclusions of law are filed or timely requested after a nonjury trial, we presume the trial court made all the necessary fact findings

–2–

to support the judgment, and we affirm the judgment if it can be upheld on any legal theory finding support in the evidence. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). A party, however, may rebut the presumption by demonstrating that the record evidence does not support the presumed finding. *Ad Villarai, LLC v. Chan II Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam). A trial court's presumed findings may be challenged for legal and factual sufficiency under the same standards that apply to a jury's verdict. *Shields*, 526 S.W.3d at 480.

In her first and third issues, Barlow challenges the legal sufficiency of the evidence to support the trial court's finding Richardson has an ownership interest in the Canine and the amount the court awarded to Barlow as compensation for her ownership interest in same.

In a legal sufficiency challenge, the court credits evidence that supports the verdict if reasonable jurors could have done so and disregards contrary evidence unless reasonable jurors could not have done so. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A legal sufficiency challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Akin, Gump, Strauss, Hauer & Feld, LLP v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009).

Under Chapter 23 of the Texas Property Code, "[a] joint owner or claimant of real property or an interest in real property *or a joint owner of personal property* may compel a partition of the interest or the property among the joint owners or claimants." TEX. PROP. CODE ANN. § 23.001 (emphasis added). Notwithstanding the powerful bond between dogs and their owners, for over a century, Texas law has classified dogs as personal property. *See Strickland v. Medlen*, 397 S.W.3d 184, 198 (Tex. 2013). The Texas Supreme Court recently affirmed this principle in *Lira v. Houston German Shepherd Dog Rescue*, 488 S.W.3d 300, 304 (Tex. 2016). And here, the trial court clearly advised that, despite each party being very devoted to the Canine, he is considered property in the eyes of the law.

The threshold question in a partition suit is whether the property is susceptible of partition or incapable of partition because a fair and equitable division cannot be made. TEX. R. CIV. P. 761, 770; *Carter v. Harvey*, 525 S.W.3d 420, 429 (Tex. App.—Fort Worth 2017, no pet.). The determination of whether an in-kind partition is fair and equitable includes whether the property can be divided in-kind without materially impairing its value. *Id.* Here, it is clear, the Canine was not capable of being divided in-kind. Thus, the trial court could consider other modes of dividing the property interests in same. *See, e.g., Sayers v. Pyland*, 161 S.W.2d 769, 772 (Tex. 1942) (in case a complete partition in-kind cannot be had, so as to award each party his or her equitable portion, the court can, if necessary, award certain property

to one or more of the interested parties, impressing it with a money charge in favor of another).

Before deciding whether, and how, to partition any interest in the Canine, the trial court had to determine whether Barlow and Richardson jointly owned the Canine. By its judgment, the trial court determined they were joint owners. Barlow challenges the legal sufficiency of that determination.[2] Because Barlow asserts a legal sufficiency challenge, we credit evidence that supports the trial court's judgment if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *City of Keller*, 168 S.W.3d at 827. In a bench trial, the trial judge, as fact finder, is the sole judge of the credibility of the witnesses. *Weisfield v. Tx. Land Finance Co.*, 162 S.W.3d 379, 380 (Tex. App.—Dallas 2005, no pet.). The judge may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Id.* at 380–81.

Barlow asserts that because the AKC Canine Partners Certificate of Enrollment, the Certificate of Registry, the microchip registration, the pet profile at Petland and the Bill of Sale for the Canine show her as the "owner," as a matter of law, she is the sole owner of the Canine. Barlow does not cite any authority directly on point here, and we have found none. We conclude that this documentary evidence

---

[2] Because this matter was determined in a bench trial, Barlow was not required to preserve error to challenge legal or factual sufficiency. TEX. R. APP. P. 33.1; *see also Bass v. Walker*, 99 S.W.3d 877, 883 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

is some evidence of ownership, but it is not conclusive and does not automatically preclude ownership by another. And we cannot disregard evidence to the contrary.

Other evidence established the Canine was purchased on June 10, 2019, at Petland. Barlow was working at Petland at that time. With Barlow's employee discount, the purchase price for the Canine was $1,100. Richardson contributed $500 towards the purchase price. While Barlow claimed Richardson gave her the $500 as a gift, which she later offered to repay, Richardson claimed she made the payment in accordance with the parties' joint decision to purchase the Canine. The evidence showed that while the parties were in a dating relationship, they each had possession of the Canine at various times and Richardson was primarily involved in taking the Canine to the veterinarian and provided considerable financial support of same. While Barlow characterized this arrangement and Richardson's possession as dog sitting, Richardson claimed her possession was that of a joint owner and evidence of her ownership interest. While there was conflicting evidence on the ownership of the Canine, the trial court was the final arbiter of the credibility of the witnesses, and its determination regarding ownership of the Canine is supported by the evidence. Accordingly, we overrule Barlow's first issue.

With respect to the third issue, the trial court's award of $600 to Barlow as compensation for her interest in the Canine, Barlow challenges the legal sufficiency of the award claiming, because of her employee discount, the award does not reflect the market value of the Canine.

Market value is defined as the price property would bring when it is offered for sale by someone not obligated to sell and bought by someone who is under no necessity of buying it. *See Exxon Corp. v. Middleton*, 613 S.W.2d 240, 246 (Tex. 1981). In determining both fair market value and actual value, courts consider the purchase price paid by an owner, particularly when evidence of the purchase price is neither objected to nor controverted. *See Wutke v. Yolton*, 71 S.W.2d 549, 552 (Tex. App.—Beaumont 1934, writ ref'd).

Again, in reviewing a legal sufficiency challenge to the evidence, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *City of Keller*, 168 S.W.3d at 827. Barlow contends that the undisputed evidence establishes the fair market value of the Canine is $4,000. We disagree. While a Call Center Manager at Petland testified that the retail price for the Canine was "about $4,000," the trial judge, as fact finder, was free to find this unsupported testimony to not be credible. *See Weisfield*, 162 S.W.3d at 380. The trial court may have found what would be an employee discount of approximately 75% to be incredible. The only other evidence before the trial court on value was the actual purchase price, which a jury could have easily credited. Accordingly, we conclude there is legally sufficient evidence to support the trial court's award of $600 to Barlow. Consequently, we overrule Barlow's third issue.

In her second issue, Barlow challenges the award of attorney's fees. In Texas, each party generally must pay its own way in attorney's fees. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 483 (Tex. 2019). Whether a party is entitled to attorney's fees is a question of law that is reviewed *de novo*. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). Generally a court is without authority to award attorney's fees unless authorized by statute or contract. *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 41 (Tex. 2012); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). This rule is so venerable and ubiquitous in American courts it is known as "the American Rule." *Tony Gullo*, 212 S.W.3d at 310–11. Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees. *Travelers Indem. Co. of Connecticut v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996).

Richardson did not assert or obtain a judgment on a breach of contract claim. Instead, she asserted and obtained a judgment in her partition suit. Generally, a party in a partition suit is not entitled to recover attorney fees because there is no statutory authorization for the award of fees. *Cecola v. Ruley,* 12 S.W.3d 848, 856 (Tex. App.—Texarkana 2000, no pet.); *see also* TEX. PROP. CODE ANN. § 23.001–.005 (partition statute).

Citing *Estate of Nunu*, 542 S.W.3d 67, 80 (Tex. App.—Houston [14th Dist.] 2017, pet. denied), Richardson urges that the trial court did not err in awarding her attorney's fees because the issue of fees was tried by consent. While the court in

that case stated a trial court may award attorney's fees if (a) the party pleaded for such relief, (b) a mandatory statute requires an award of attorney's fees, or (c) the issue was tried by consent, it also stated, "Here, each of these alternatives was satisfied." *Id.* Thus, there was a statutory basis upon which to make the award and the award was not upheld solely on the basis of consent. While the issue of attorney's fees may be tried by consent, there must also be a statute or contract authorizing the award of same.[3] *See Tony Gullo*, 212 S.W.3d at 310. Consent, standing alone, does not provide a legal basis for an award. *See id.* Accordingly, the trial court erred in awarding Richardson her attorney's fees. Consequently, we sustain Barlow's second issue.

## CONCLUSION

We reverse the award of attorney's fees to Richardson and render a take-nothing judgment on her request for fees. We otherwise affirm the trial court's judgment.

/Barbara Rosenberg/
BARBARA ROSENBERG
JUSTICE, ASSIGNED

210844F.P05

---

[3] The doctrine of trial by consent is "only intended to cover the exceptional case in which it clearly appears from the record as a whole that the parties tried the unplead[ed] issue." *In re A.B.H.*, 266 S.W.3d 596, 600 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g).



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

ALYSSE BARLOW, Appellant

No. 05-21-00844-CV          V.

KENDALL RICHARDSON,
Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-16151.
Opinion delivered by Justice
Rosenberg. Justices Partida-Kipness
and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding appellee attorney's fees and render a take nothing judgment on appellee's request for fees. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear her own costs of this appeal.

Judgment entered this 17th day of January 2023.