

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00062-CV

RICHARD D. CRAWFORD, APPELLANT

V.

XTO ENERGY, INC., APPELLEE

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-262638-12, Honorable R. H. Wallace, Presiding

January 7, 2015

OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Richard Crawford (Crawford), appeals the order of the trial court dismissing his claims against XTO Energy, Inc. (XTO), without prejudice. Crawford contends that the trial court abused its discretion by dismissing his causes of action. We will affirm.

Factual and Procedural Background

The case before the Court involves the question of whether the trial court abused its discretion when it abated Crawford's suit against XTO and ordered the joinder of owners of 44 adjacent tracts to the lawsuit. Crawford did not join the adjacent tract owners and, pursuant to a motion filed by XTO, the trial court dismissed Crawford's causes of action without prejudice.

The underlying facts of this controversy are not contested. Mary Ruth Crawford, Crawford's predecessor-in-title, owned the fee simple title to the entire 8.235 acres of land at issue in this case. In 1964, she conveyed the surface of the property to Texas Electric Service Company for the construction of an electric transmission line. She did, however, reserve the oil, gas, and minerals under the tract. Subsequently, in 1984, Mary Ruth Crawford conveyed fee simple title to the adjacent lands to the north and south of the subject property. This conveyance did not reserve the minerals under the property conveyed. Neither did it refer to any reservation of the minerals under the disputed property.

In March 2007, Mary Ruth Crawford, as lessor, executed an oil and gas lease with Hollis R. Sullivan, Inc. XTO is the successor-in-interest to Hollis R. Sullivan, Inc. This lease covered the subject 8.235 acre tract. XTO also secured oil and gas leases from the owners of the adjacent properties. These properties were conveyed by Mary Ruth Crawford in 1984. The oil and gas lease on the 8.235 acre tract contained a pooling provision and, pursuant to that provision, XTO pooled the lease with other properties and leases to form the Eden Southwest Unit.

On November 30, 2007, Mary Ruth Crawford died, leaving her estate to her son Richard D. Crawford, appellant herein. Crawford subsequently ratified the lease on the subject property.

The Eden Southwest Unit 1H well was completed on June 14, 2009. The well was connected to a gathering system and began production in August of 2010. Crawford executed a division order and returned it to XTO. However, XTO subsequently obtained a title opinion regarding the subject property that opined that, pursuant to the strip and gore doctrine, the royalties from the Eden Southwest Unit 1H well should be paid to adjacent landowners.

Thereafter, Crawford filed suit alleging causes of action for breach of the lease agreement, to remove the cloud on Crawford's title, for conversion damages, and for declaratory relief regarding the rights and obligations of the parties to the lease. Subsequently, XTO filed a motion to abate and compel joinder of the adjacent landowners. The trial court granted the motion to abate and entered an order of abatement and to compel joinder of the owners of the 44 adjacent tracts. Crawford failed to join the adjacent landowners and, eventually, the trial court entered the complained of order to dismiss Crawford's causes of actions and any counterclaims without prejudice. It is from this order that Crawford appeals.

Via a single issue, Crawford contends that the trial court abused its discretion by ordering the joinder of the adjacent landowners and, after Crawford failed to effectuate this joinder, dismissing his causes of action and counterclaims. Disagreeing with Crawford, we will affirm the trial court's order.

3

Standard of Review and Applicable Law

As an appellate court, we review the trial court's decision regarding questions of joinder of parties for an abuse of discretion. *Kodiak Res., Inc. v. Smith,* 361 S.W.3d 246, 248 (Tex. App.—Beaumont 2012, no pet.) (citing *Longoria v. Exxon Mobil Corp.*, 255 S.W.3d 174, 180 (Tex. App.—San Antonio 2008, pet. denied)). A trial court abuses its discretion when it acts in an arbitrary manner without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985)).

Texas Rule of Civil Procedure 39 governs questions of joinder. TEX. R. CIV. P. 39;[1] *Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 162 (Tex. 2004). Rule 39(a) mandates joinder of a person subject to service of process if:

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may
   (i)    as a practical matter impair or impede his ability to protect that interest or
   (ii)   leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Rule 39(a). The rule mandates joinder of persons whose interest would be affected by the judgment. *See Brooks,* 141 S.W.3d at 162.

---

[1] Further reference to the Texas Rules of Civil Procedure will be by reference to "Rule ____."

Additionally, the Texas Declaratory Judgment Act also mandates joinder of persons whose interest would be affected by the judgment rendered. *See* T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> A<small>NN</small>. § 37.006(a) (West 2008).[2] Section 37.006(a) provides:

> When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

§ 37.006(a). Crawford's live pleadings contain a request for a declaration of the rights of the parties to the lease.

Analysis

### XTO's Allegations that Crawford Waived His Appeal

Before we turn our attention to Crawford's issue on appeal, we must first address the contentions by XTO that Crawford has waived his appeal by failing to (1) bring forward an adequate record, and (2) challenge certain of the implied findings resulting in unassigned error.

We agree with Crawford that the record before this Court is sufficient to determine the issue presented. A review of the record reveals that all matters were presented by motions and affidavits. When there is no evidentiary hearing held and all matters have been filed with the clerk and only argument of counsel is considered by the trial court, a reporter's record is not required. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782-83 (Tex. 2005).

---

[2] Further reference to Texas Civil Practice & Remedies Code will be by reference to "section ____" or "§ ____."

As to XTO's second contention that Crawford waived the appeal by failing to challenge the implied findings of fact, we disagree. Our view of Crawford's issue supports his challenge of all of the implied findings. Specifically, we refer to XTO's allegation that Crawford did not challenge implied findings of fact regarding the adjacent landowners' and the effect a disposition would have on those landowners' rights. First, we are directed to liberally construe Crawford's brief. *See* TEX. R. APP. P. 38.9. Second, a statement regarding an issue will be treated as covering every subsidiary question that is fairly included. *See* TEX. R. APP. P. 38.1(f). The alleged implied findings that XTO says Crawford failed to challenge may be fairly characterized as subsidiary questions to the overall issue raised by the appeal. *See id.*

Accordingly, we decline XTO's invitation to summarily affirm the trial court's order without further analysis. XTO's issues to the contrary are overruled.

<u>Joinder of Adjacent Landowners</u>

We begin with the observation that the record is unchallenged about two salient facts. First, XTO is currently paying the royalties from the subject tract to the adjacent landowners who were not joined as parties to this suit. Second, XTO has leases with all of the non-joined adjacent landowners. Therefore, the inescapable conclusion is that either the non-joined adjacent landowners will not be bound by the trial court's ultimate decision on the declaratory judgment portion of Crawford's suit, *see* § 37.006(a) (a declaration does not prejudice the rights of a person not joined as a party), or the non-joined adjacent landowners could lose some of their royalty payments. In either

6

scenario, a fact pattern is presented that would support the joinder of the adjacent landowners.

The non-joined adjacent landowners could, after judgment for Crawford, file their own suit. This, in turn, could lead to XTO being faced with otherwise inconsistent obligations as a result of Crawford's allegations. *See* Rule 39(a)(2); *Kodiak Res., Inc.,* 361 S.W.3d at 251-52. Likewise, we find that the claim of the adjacent landowners to the royalty payments currently being made would be affected by Crawford's declaratory judgment action. *See* § 37.006(a). Accordingly, the trial court did not act in an arbitrary manner without reference to any guiding rules or principles. *See Kodiak Res., Inc.,* 361 S.W.3d at 248. Therefore, the trial court did not abuse its discretion by ordering the joinder of the adjacent landowners. *Id.* Since Crawford refused to join the adjacent landowners, the trial court acted within its discretion by dismissing the lawsuit without prejudice. *See Longoria*, 255 S.W.3d at 184.

As a basis for contending that joinder was not permissible under Rule 39, Crawford contends that none of the adjacent landowners claimed an interest in the Crawford tract. A thorough reading of Crawford's brief leads to the conclusion that, by use of the term "claimed," Crawford means that none of these landowners came to court to assert an interest. Whether or not this is true is not the controlling issue. The facts clearly demonstrate that the adjacent landowners are being paid royalties off of the tract at issue. Crawford has never contended otherwise. Therefore, it follows that these adjacent landowners have a pecuniary interest in the outcome of this litigation. "Rule 39, like the Declaratory Judgment Act, mandates joinder of persons whose interests

7

would be affected by the judgment." *Brooks*, 141 S.W.3d at 162. Accordingly, we find that they have a claim for the purposes of Rule 39(a). *See* Rule 39(a).

Finally, Crawford contends that the trial court abused its discretion because the strip and gore doctrine does not apply. While it is true that XTO, in its title opinion, relied upon the strip and gore doctrine to allocate the royalties under the subject tract, the question of whether that doctrine should be applied to these facts is the ultimate question on the merits in this lawsuit. The first issue to be determined is whether there are parties who need to be joined. *See Kodiak Res., Inc.*, 361 S.W.3d at 251-52. To follow Crawford's theory is to require the case involving the rights of the adjacent landowners to be tried in their absence. This is contrary to the basic premise of joinder, which is to eliminate a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. *See* Rule 39(a). Accordingly, Crawford's contention regarding the strip and gore doctrine is overruled.

Conclusion

Having overruled Crawford's issue, the trial court's order is affirmed.


Mackey K. Hancock
Justice


Quinn, C.J., concurring.
Pirtle, J., dissenting.