**AFFIRM; Opinion Filed June 14, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01422-CV**

**ROBERT G. FISHER, Appellant**
**V.**
**TINA MASTERS FISHER, Appellee**

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-14341**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Robert G. Fisher appeals the trial court's final decree of divorce. In three issues, he argues the trial court erred by issuing a judgment affecting real property without joining parties with ownership interests in that property. We affirm. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Robert and Tina Masters Fisher were married on February 7, 2011. On July 16, 2018, Tina filed a petition for divorce. On September 23, 2019, the trial court conducted a bench trial at which both spouses appeared pro se. At trial, both spouses

testified as to the property they sought to divide, including commercial real properties located at 7536 South Lancaster Road and 7540 South Lancaster Road and a residential home located at 2909 North El Centro Way. Robert denied owning 2909 and instead said the property should be divided five ways among himself and his siblings and their children. Tina testified Robert purchased the house from his cousins after they were unable to pay the taxes on the house. That same day as the trial, the trial court signed a final decree of divorce that, among other things, community property between the spouses. Each spouse was awarded "50% of the community interest in the property located at 2909 El Centro Way," Robert was awarded 7536 South Lancaster Road, and Tina was awarded 7540 South Lancaster Road. The decree also notes, "the wife shall have exclusive right to live in the property at 2909 El Centro Way until such time as the property is disposed of or the wife dies."

A few days after the final divorce decree was signed, Tina filed a motion to hold Robert in contempt, alleging he had damaged 2909 El Centro Way when he moved out, that he continued to visit the house after moving out, and that when Tina called the police to enforce her property rights, the police did not understand the language in the decree awarding each spouse "50% of the community interest." On October 22, 2019, Robert filed a motion for new trial on the ground that "non community property was divided." Although the docket indicates the trial court conducted a hearing on Robert's motion, the record contains no transcript of that

hearing, and the docket does not indicate the trial court ruled on the motion. Robert timely filed his notice of appeal.

## DISCUSSION

In three issues, Robert argues the trial court erred by failing to join as parties to this action other individuals who had ownership interests in 2909 North El Centro Way before awarding any interest in that property to either spouse.[1]

We review a trial court's rulings on issues concerning joinder of parties for an abuse of discretion. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 910–11 (Tex. 2017). The Texas Rules of Civil Procedure require the participation of any party that can feasibly be joined if the party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double,

---

[1] Robert's three issues asked:

  1. Did the trial Court abuse its discretion by issuing a [judgment] on realty when multiple joint owners in the Property were not joined as parties to the action under Rule 39a of the Texas Rules of Civil Procedure?

  2. Did the trial Court abuse its discretion by issuing a [judgment] involving realty when the heirs of deceased persons with ownership interest in the realty were not joined under 17.002 of Texas Civil Practice and Remedies Code?

  3. Was the trial court's [judgment] fundamentally erroneous?

Robert's summary of his argument makes clear his third issue is whether the judgment was fundamentally erroneous because the trial court "lacked jurisdiction to render a [judgment] in the absence of the estate and heirs of deceased third party joint owners."

Additionally, despite the fact that Robert's motion for new trial complains about the division of "non community property," he does not challenge the trial court's finding that the property at 2909 North El Centro Way is community property rather than his separate property.

–3–

multiple, or otherwise inconsistent obligations by reason of his claimed interest." TEX. R. CIV. P. 39(a). Texas law thus requires the joinder of any third party that claims ownership of an asset that one or both parties to a divorce proceeding seek to classify as community property. *See Fuentes v. Zaragoza*, 555 S.W.3d 141, 167 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Here, Robert argues the evidence in the record establishes there were third parties that claimed ownership interest in 2909 North El Centro Way, such that it was error for the court to award the property without first joining those other third parties. Robert relies on Tina's testimony that several of Robert's family members were listed as owners on the deed to the property and Robert's testimony that the community only owned a partial ownership interest in the house and that the remaining ownership interest was divided among several of his family members and their children. Robert also relies on exhibits admitted by the court, including (1) a tax lien judgment dated March 26, 2014, and naming himself and several others as defendants in an action seeking recovery of delinquent property taxes related to 2909 North El Centro Way, (2) a 2019 appraisal notice identifying "Estate of Myrtle Johnson" as owning 100% of the interest in the property, and (3) a 1967 deed record conveying the property to Edd Johnson and wife, Myrtle Johnson. However, the record also contains a 2013 warranty deed conveying 2909 El Centro Way to Robert.

In light of the entire record, including the warranty deed conveying 2909 El Centro Way to Robert, we conclude the trial court could have found Robert's and

Tina's testimony not credible and instead found no third parties actually claimed an interest in 2909 North El Centro Way such the trial court did not abuse its discretion in not joining any third parties to this action. *See Crawford*, 509 S.W.3d at 913 (declining to interpret Rule 39 to require joinder of persons who potentially could claim interest in subject of action and instead interpreting Rule 39 to require joinder of persons who actually claim such interest); *Weisfield v. Tex. Land Fin. Co.*, 162 S.W.3d 379, 380 (Tex. App.—Dallas 2005, no pet.) (holding trial judge as fact finder is sole judge of credibility of witnesses and we may uphold judgment on any legal theory supported by pleadings and evidence). We overrule Robert's three issues.

### CONCLUSION

We affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191422F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT G. FISHER, Appellant

No. 05-19-01422-CV       V.

TINA MASTERS FISHER, Appellee

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-18-14341. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TINA MASTERS FISHER recover her costs of this appeal from appellant ROBERT G. FISHER.

Judgment entered this 14th day of June 2021.