

# NUMBER 13-20-00334-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GALLERIA LOOP NOTE HOLDER, LLC,                    Appellant,

v.

GEORGE M. LEE,                                              Appellee.

On appeal from the 157th District Court
of Harris County, Texas.

# CONCURRING MEMORANDUM OPINION
# ON DENIAL OF MOTION FOR REHEARING

Before Justices Longoria, Hinojosa, and Tijerina
Concurring Memorandum Opinion by Justice Hinojosa

I respectfully concur in the denial of appellant Galleria Loop Note Holder, LLC's

(Galleria) motion for rehearing. [1] I write separately because I believe the Court's memorandum opinion reaches the right result but for the wrong reasons. Our memorandum opinion improperly concludes that this Court must presume that the omitted reporter's record supports the trial court's order. Because we must presume the underlying hearing was non-evidentiary absent evidence to the contrary, I would decide the appeal on the clerk's record alone. Nevertheless, based on a review of the clerk's record, I would affirm the trial court's order.

## I.    BACKGROUND

Appellee George M. Lee sued Galleria seeking declaratory relief based on Galleria's alleged fraudulent transfer of a property over which Lee held a lien. Galleria filed a motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA"), which the trial court denied. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. Galleria appealed, and we affirmed the trial court's order in a memorandum opinion. We noted that "although a hearing was held on its TCPA motion to dismiss, [Galleria] has not provided a copy of that record for our review or even mentioned it."[2] *Galleria Loop Note Holder, LLC v. Lee*, No. 13-20-00334-CV, 2021 WL 2694773, at *3 (Tex. App.—Corpus Christi–Edinburg July 1, 2021, no pet. h.) (mem. op.). We stated that Galleria had the burden to "provide this Court with proof that Lee did not present sufficient evidence to

---

[1] We refer to Galleria's most recent motion throughout, which is titled "Appellant's Amended Motion for Rehearing."

[2] As stated in our memorandum opinion, "the district clerk informed us that the trial court held a hearing on Galleria's motion to dismiss; however, the district clerk was not aware if a reporter's record was taken of the TCPA hearing and no reporter's record has been filed in this Court." *Galleria Loop Note Holder, LLC v. Lee*, No. 13-20-00334-CV, 2021 WL 2694773, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg July 1, 2021, no pet. h.) (mem. op.).

support his prima facie case" for his claims as required under the TCPA. *Id.* We explained "[b]ecause Galleria challenges Lee's evidence and we lack the reporter's record of the TCPA hearing, we must presume that the omitted portions of the reporter's record support the trial court's determination that Lee met his burden and the denial of Galleria's motion to dismiss was appropriate." *Id.* (internal citation omitted). Accordingly, we overruled Galleria's sole issue. *Id.*

## II.  MOTION FOR REHEARING

Galleria filed a motion for rehearing arguing that there was no reporter's record taken for the TCPA hearing and that there was no evidence presented at the hearing. Galleria requests that we withdraw our earlier opinion and issue a substituted opinion analyzing its substantive arguments. In his response, Lee argues that rehearing is unnecessary because Galleria did not produce evidence showing that the TCPA applied to his claims. However, Lee states that if this Court does not find this point to be dispositive, then he "concedes this Court is left to analyzing" the merits of the case.

## III.  REQUIREMENT FOR A REPORTER'S RECORD

"Our appellate rules are designed to resolve appeals on the merits, and we must interpret and apply them whenever possible to achieve that aim." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). "A reporter's record is necessary only for evidentiary hearings; 'for nonevidentiary hearings, it is superfluous.'" *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 910 (Tex. 2017) (quoting *Holten*, 168 S.W.3d at 782). "[W]e generally presume that pretrial hearings are nonevidentiary unless 'the proceeding's nature, the trial court's order, the party's briefs, or other indications show

3

that an evidentiary hearing took place in open court.'" *Id.* (quoting *Holten*, 168 S.W.3d at 783).

The clerk's record in this case contains the TCPA motion to dismiss, the response, and attached exhibits. The trial court's order denying Galleria's motion to dismiss makes no reference to an evidentiary hearing. Further, on appeal, neither party maintains that the hearing was evidentiary. For instance, Lee does not claim that he presented evidence at the hearing, and he makes no complaint regarding Galleria's failure to file a reporter's record. *See Holten*, 168 S.W.3d at 783 (explaining that a party's assertion that a hearing was evidentiary must include "a specific indication that exhibits or testimony was presented in open court beyond that filed with the clerk").

On this record, I believe the Court must presume that the hearing was nonevidentiary. *See Crawford*, 509 S.W.3d at 910. Accordingly, I would conclude that Galleria "brought forward an adequate appellate record." *Id.*; *see also City of Pharr v. Cabrera*, No. 13-18-00559-CV, 2020 WL 2988641, at *2 (Tex. App.—Corpus Christi–Edinburg June 4, 2020, no pet.) (mem. op.) (concluding that the record was sufficient to review trial court's denial of a plea to the jurisdiction where appellant did not file a reporter's record). Nevertheless, after reviewing the clerk's record, I would conclude that we should affirm the trial court's order denying Galleria's motion to dismiss.

### III.    TCPA

By its sole issue, Galleria contends that reversal is warranted in this case because it showed that the TCPA applies, and Lee failed to provide prima facie evidence of each element of his claim. Because Lee's suit does not implicate communications protected by

the TCPA, I would overrule Galleria's issue.

## A. Standard of Review & Applicable Law

"The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding). Under the statute, a defendant may file a motion to dismiss, subject to expedited review, for "any suit that appears to stifle the defendant's" exercise of those rights. *Id.* at 584; *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). A trial court reviews a TCPA motion to dismiss using a three-step analysis. First, the moving party must show by a preponderance of the evidence that the TCPA applies to the legal action against it.[3] TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant meets this burden, then the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim to avoid dismissal. *Id.* § 27.005(c). However, even if the nonmovant satisfies this requirement, the trial court must still dismiss a claim if the movant proves each essential element of a valid defense by a preponderance of the evidence. *Id.* § 27.005(d); *see Youngkin*, 546 S.W.3d at 679–80. We review de novo a trial court's ruling on a TCPA motion to dismiss. *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019).

## B. TCPA Applicability

A party may invoke the TCPA dismissal procedure if that party shows by a

---

[3] The Legislature amended the TCPA in 2019, and the amended version of the statute applies to actions filed on or after September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684 (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010). Because Lee's suit was filed before September 1, 2019, the amendments do not apply, and all citations to the TCPA in this opinion are to the former version of the statute. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 129 (Tex. 2019).

preponderance of the evidence that the legal action against it "is based on, relates to, or is in response to" the party's exercise of the right of free speech, to petition, or to associate. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *see id.* § 27.005(b). The pleadings are the best evidence of the nature the plaintiff's suit. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). "When it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more" to meet its initial burden. *Id.*

Lee's suit seeks a declaration that Galleria and other defendants colluded and conspired to conduct a sham foreclosure and that its lien on the subject property is still, subsisting, valid, and enforceable. In particular, Lee alleges that he held a second lien on the property securing a $2.6 million loan. Lee pleads that Galleria bought the first lien note from the original lender and immediately foreclosed on the property. Lee alleges that Galleria conspired to return the property to the original owner free of Lee's lien. In its motion to dismiss, Galleria argued that Lee's claims are based on Galleria's exercise of the right of free speech and to associate. Galleria offered no evidence, instead relying solely on the pleaded allegations. *See id.*

### 1. Right of Free Speech

The TCPA defines "[e]xercise of the right of free speech" as "a communication made in connection with a matter of public concern" and defines "[m]atter of public concern" as including "an issue related to":

(A) health or safety;

(B) environmental, economic, or community well-being;

6

(C) the government;

(D) a public official or public figure; or

(E) a good, product, or service in the marketplace.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3), (7). Galleria maintained in its motion to dismiss that Lee complains of communications relating to the public concerns of "economic well-being" or "a good . . . in the marketplace." *See id.*

"[E]conomic well-being" under the TCPA requires that a communication about real property have an impact on more than the party's personal financial well-being. *Schmidt v. Crawford*, 584 S.W.3d 640, 650 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Here, the alleged communications concerning an interest in property related to only the parties' personal financial well-being and therefore do not implicate a matter of public concern. *See id.*; *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 239–40 (Tex. App.—Eastland 2019, no pet.) (holding that communications concerning the purchase and sale of interests in real property were not related to economic well-being).

Further the meaning of "good" as used in the TCPA is not "broad enough to embrace real property." *Crawford*, 584 S.W.3d at 649. Rather, "'[g]oods' ordinarily refer to tangible or moveable personal property, as opposed to realty." *Id.* (citing *Goods*, BLACK'S LAW DICTIONARY (11th ed. 2019)). The TCPA "does not expand the definition of 'good' beyond its ordinary usage, and we cannot judicially amend its language to give the term a more expansive meaning than it ordinarily bears." *Id.* at 649–50. Accordingly, I would conclude that the alleged communications concerning the transfer of real property do not implicate a matter of public concern.

7

### 2. Right of Association

The TCPA broadly defines the "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2). In light of the purpose of the TCPA, it would be illogical to interpret this right as applying to situations in which there is no element of public participation. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 426 (Tex. App.—Dallas 2019, pet. denied). Rather, to constitute an exercise of the right of association under the TCPA, the nature of the communication must involve public or citizen's participation. *Id.* Here, Lee's allegations concern only private communications between Galleria and other defendants concerning their efforts to fraudulently deprive Lee of his lien on the property. Such communications are not protected by the TCPA. *See id.*; *see also Gamboa v. Vargas*, No. 13-19-00555-CV, 2021 WL 1418242, at *5 (Tex. App.—Corpus Christi–Edinburg Apr. 15, 2021, pet. filed) (mem. op.) (concluding that "the private association and conspiring of individuals to commit a fraudulent transfer is not covered by the TCPA").

### 3. Summary

Galleria relied solely on Lee's pleadings to establish the application of the TCPA. Because Lee's pleadings do not implicate any communications protected by the Act, I would conclude that the trial court did not err in denying Galleria's motion to dismiss.

### IV. CONCLUSION

I disagree with the Court's conclusion that Galleria's failure to file a reporter's record prevents us from reaching the merits of this appeal. Nevertheless, I would reach

the same disposition upon review of the clerk's record. Therefore, I concur in the denial of Galleria's motion for rehearing.

LETICIA HINOJOSA
Justice

Delivered and filed on the
3rd day of February, 2022.