In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00342-CV
_____

CHANCE M. PERRY, Appellant

V.

COURTNEY L. PERRY, Appellee

_____

On Appeal from the County Court at Law No. 2
Orange County, Texas
Trial Cause No. E200480-D
_____

MEMORANDUM OPINION

Chance M. Perry (Appellant or Chance) appeals from the trial court's Order Clarifying Final Decree of Divorce, Order on Motion for Appointment of Receiver, and Order for Turnover Relief in favor of Chance's ex-wife, Courtney L. Perry (Appellee or Courtney). We affirm the trial court's orders.

Background

Chance and Courtney were divorced in May of 2023, and this appeal is about Courtney's post-divorce enforcement action under Chapter 9 of the Texas Family

Code. Chapter 9 allows a party affected by a divorce decree that provides for the division of property to request enforcement of that decree by filing a suit to enforce property division outlined in the decree. *See* Tex. Fam. Code Ann. § 9.001(a). On May 1, 2024, Courtney filed her Petition for Enforcement of Property Division and Alternatively, Application for Turnover Order and Appointment of Receiver Pursuant to Section 31.002 of the Texas Civil Practices and Remedies Code (the "Petition for Enforcement") against Chance as the Respondent. Courtney sought relief under "Section[s] 9.002, 9.0[0]6, 9.012, 9.013, and 9.014" of the Texas Family Code. *See id.* §§ 9.002 (court that rendered divorce decree retains power to enforce the property division), 9.006 (court may render further orders to enforce division of property made in divorce decree or to clarify the prior order), 9.012 (court may enforce by contempt an order requiring delivery of specific property or an award of a right to future property), 9.013 (court may award costs in an enforcement proceeding), 9.014 (court may award reasonable and necessary attorney's fees, court costs, and expenses in an enforcement proceeding).

In the Petition for Enforcement, Courtney alleged she had "learned [that Abundant Life, LLC's property on Highway 105] is about to be sold and that she will not receive her share of Respondent's net proceeds." Courtney sought the trial court's assistance in collecting from Chance the $5,000 judgment for her for attorney's fees in a contempt of court action and the one-half of Respondent's share

of the net proceeds of the sale of Abundant Life, LLC previously awarded to her. In Courtney's Petition for Enforcement, she seeks the following relief:

    a. Order appointing a Receiver to obtain possession of the Respondent's property to satisfy the $5,000.00 judgment, and to hold said property pending orders of distribution by this Court, specifically his LLC ownership of Abundant Life, LLC or any other LLC of which Respondent is an owner.

    b. Order directing Respondent Judgment Debtor, and third parties in possession of Respondent's share of the net proceeds to turnover to the Receiver Petitioner's one-half of Respondent's share of the net proceeds.

Courtney also requested a turnover order and attorney's fees associated with her application for the turnover order under section 31.002(e) of the Texas Civil Practice and Remedies Code. Courtney requested service of process of the Petition for Enforcement on Respondent Chance and service of notice of the Petition for Enforcement to Abundant Life, LLC by serving its registered agent (Chance).

Hearing on Petition for Enforcement and Ruling

At the hearing on Courtney's Petition for Enforcement, the trial court noted the history of the proceedings between the parties, that Courtney had filed her Petition for Enforcement, and that the trial court had "received" certain pleadings by the parties just days before the hearing.[1] Prior to considering the Petition for

---

[1] The pleadings that the trial court refers to that were filed after Courtney's Petition for Enforcement are not included in our appellate record. We note that we may not consider documents in appendices that are not also in the appellate record.

Enforcement, the trial court heard Chance's motion for continuance which the trial court stated was filed on the day of the hearing.

Chance's attorney argued that Chance was served with a copy of Courtney's Petition for Enforcement on May 22, 2024, less than ten days before the hearing, and was served a second citation on May 23, 2024, and that Abundant Life, LLC had not been served with a citation. According to Chance's attorney, the fact that all the parties to the suit had not been served violated Rule 21(a) of the Texas Rules of Civil Procedure and prejudiced Abundant Life, LLC's rights pursuant to Rule 161 of the Texas Rules of Civil Procedure. Chance's attorney argued that even though Chance may be the registered agent of Abundant Life, LLC, he did not receive a citation directed to the business, and no judgment could be entered without service on Abundant Life, LLC pursuant to Rule 124 of the Texas Rules of Civil Procedure. In requesting a continuance, Chance's attorney asserted that Courtney had filed a lis pendens against Abundant Life, LLC based upon her enforcement action, that Chance "[was] not interested in disturbing the lis pendens[,]" but that Abundant Life, LLC needed to be served so that it could make an appearance in the case.

Courtney's attorney argued that Courtney did not ask for Abundant Life, LLC to be served with process because Abundant Life, LLC is not a party and Courtney

*See Taylor v. Langham*, No. 09-14-00193-CV, 2015 Tex. App. LEXIS 3233, at *15 (Tex. App.—Beaumont Apr. 2, 2015, no pet.) (mem. op.).

is not seeking affirmative relief from Abundant Life, LLC. Courtney's attorney argued:

> We did file [a] lis pendens, and we wanted them to be aware of what we're trying to do against [Chance] and his interest in this property. . . . [W]hat we're doing today is two things. [Chance] owes [Courtney] a 5,000-dollar judgment that's two years old now. In the decree on Page 38, [Courtney] was awarded one-half of his share of net proceeds of a property owned by Abundant Life on Highway 105 in Orange County when it sells.
>
> All we're asking for today is a turnover order against [Chance] for him to turn over his bank account to pay off the 5,000-dollar judgment. All we're asking for on the - - assuming [Chance's counsel] is accurate with his assessment that the property has not been sold, we're asking for some clarification in the decree so that we put the exact legal description for that . . . sale and that we appoint a receiver to hold [Chance]'s interest to ensure that it gets paid to [Courtney] according to the decree. None of which disturbs Abundant Life in any fashion. They're in charge of the sale. We're not asking for the receiver [to] be in charge of the sale. We're only asking the receiver be in charge of [Chance's] share of the proceeds to ensure that [Courtney] gets paid.
>
> We're only asking the Court to clarify the decree so we put the legal description for that tract of land. Because in all cand[or], Judge, if [Chance] can figure out a way to weasel out a way of doing that, he'll do it. And I'm afraid we have a description in the decree that says property on Highway 105 in Orange, Texas approximately 40 acres. That will give him some type of way to avoid paying us, and I'll be back up here multiple times trying to collect that money for her; and we're talking about a few hundred thousand dollars - - potentially her share 100,000 or $200,000.
>
> . . . We're not taking any action against [Abundant Life, LLC], and we're only asking for action against [Chance] with regard to an order turning over his personal bank account to . . . pay off the judgment and a clarification of the decree for the description of the land to be sold and the receiver to hold [Chance]'s share after it's sold to ensure that [Courtney] gets paid.

5

Chance argued that the filing of the lis pendens affects Abundant Life, LLC's rights and, even though Chance may be a representative of Abundant Life, LLC, he is not the entity's attorney.

The trial court denied Chance's motion for continuance and proceeded to consider Courtney's Petition for Enforcement. When Chance's attorney inquired as to whether it was a contempt hearing as to Chance, the trial court noted that Courtney's attorney had not requested contempt relief. The court then heard the testimony of Courtney, Chance, Courtney's attorney, and another managing member of Abundant Life, LLC.

Courtney testified that she is the movant in the current action and that the divorce was rendered in May of 2023. According to Courtney, even though a judgment signed in 2022 awarded her $5,000 in attorney's fees from Chance, Chance had not yet paid the awarded amount to Courtney, and she had to file the enforcement action against Chance to recover the money. Courtney stated that she was asking the trial court to grant her a turnover order ordering Chance to turn over his personal bank account to pay that judgment. Courtney explained that in the divorce decree she was also awarded a share of Chance's proceeds from the sale of Abundant Life, LLC's property in Orange County. She requested the trial court enter an order clarifying the decree's language by including the exact legal description of that property so that when the property is sold it is clear that a portion of the proceeds

6

must be paid to Courtney as outlined in the divorce decree. Courtney also testified that she is seeking recovery of attorney's fees for her enforcement action.

According to Courtney, the Abundant Life property had been for sale for a couple of years, at one point it was listed for over $600,000, and she agreed that she was suspicious that the Abundant Life property "was going to be sold out from under [her]." Courtney recalled that there are three members in the Abundant Life, LLC, and the divorce decree awarded Courtney one-half of Chance's one-third of the proceeds of the sale of the Abundant Life property. According to Courtney, based on Chance's "shenanigans" with other assets and delays he caused during the divorce proceeding and even recently, she believed Chance may be attempting to avoid paying her. On cross-examination, Courtney agreed that a lis pendens had been filed against Abundant Life for the property as a safeguard to give notice to potential buyers that the property is involved in litigation.

Chance testified that he is one of the managing members of Abundant Life, LLC, with a one-third membership and is the entity's registered agent. Chance explained that he has no savings accounts and two personal checking accounts in his name – one at First State Bank which has a balance of a few hundred dollars, and one at First Financial Bank with a balance of less than a hundred dollars. According to Chance, his paychecks from his insurance agency where he is employed is $1,900 every two weeks and is automatically deposited into the First State Bank checking

7

account which is then used to pay his bills. Chance testified that no other source of income is deposited into that account. Chance recalled that his businesses have rental income that is deposited into the business checking accounts. Chance testified that his LLCs possibly had sold real estate since the divorce trial, and those proceeds were used to operate the business and were not distributed to him personally.

Chance stated that he did not believe that Abundant Life, LLC's property on Highway 105 was currently for sale and that it was taken off the market in the last few months. He did not believe there was an offer to purchase it within the last six months or that an offer was rejected in the last six months. According to Chance, the property was taken off the market because the contract with the realtor ended, and he was unaware if there was still a "for sale" sign on the property. He initially stated that he did not know how much the property had been listed for, but he then admitted that it "may be around 580." Chance testified that First Financial Bank has the mortgage on the property and that the three members were to each pay $800 monthly for the mortgage, and he did not know the balance of that mortgage. He testified that he had not contributed his mortgage payment for a couple of years and that someone else was paying Chance's portion for him. Chance stated that Abundant Life, LLC has no sources of income other than the 40 acres of property.

Chance agreed that he had not paid Courtney the $5,000 in attorney's fees awarded in the earlier judgment. According to Chance, after the trial court signed

8

the judgment, Chance filed an appeal and then a request for a mandamus, and since the date of the divorce, there has been nothing that precluded collection attempts on the judgment. Chance recalled that he was served with citation and notice of the enforcement action on the Wednesday before the hearing. He claimed the citation was directed only to him, and it appeared to him that Abundant Life, LLC had not been sued. He testified that during the prior month he learned that Courtney filed a lis pendens against Abundant Life, LLC, and that the lis pendens is a "cloud on the title to th[e] property[]" and "prejudiced" the entity's rights. He stated that even if there was a sale of the Abundant Life, LLC property, the entity would receive the proceeds of the sale and not him personally. He agreed that the other members of Abundant Life, LLC "are not very happy" with the lis pendens. He also agreed they threatened litigation against him because of the lis pendens and the cloud on the property's title. Chance testified that Courtney's enforcement action has caused him to incur attorney's fees, and he agreed that it is "a little drastic" to be asking for a receiver or a turnover considering there has not even been any post-judgment discovery.

Courtney's attorney testified that Courtney had incurred $4,100 reasonable and necessary attorney's fees in this enforcement action, and the attorney outlined the work that he performed. On cross-examination, he agreed that he filed a lis pendens on Courtney's behalf on the Abundant Life, LLC property. According to

Courtney's counsel, after the earlier appeal of the divorce decree was dismissed, Courtney began taking steps to take further action, and the law did not require post-judgment discovery prior to Courtney seeking a turnover. Courtney's attorney agreed that the divorce case was arbitrated, and the parties both signed off on the arbitration agreement.

Matt Chandler, a managing member of Abundant Life, LLC, testified on Chance's behalf. According to Chandler, each of the three members had to guarantee the mortgage on the property. Chandler recalled that around $160,000 or $180,000 is owed on the mortgage and that the members each are responsible for paying $800 a month for the mortgage. Chandler testified that Chance is the registered agent for Abundant Life, LLC, and that the entity has never received any sort of service regarding this case. Chandler recalled that during the prior month a lis pendens was filed against Abundant Life, LLC's real property, and the lis pendens made it difficult to move forward with any transaction to sell the property. He testified that Abundant Life, LLC had a contract with a realtor to list the property for sale, there never was an actual purchase contract for the property, no offers were rejected, and one offer fell through because of issues on the buyer's end with financing. Chandler stated that the filing of a lis pendens frustrated the managing partners because it made it harder to find a buyer for the property, and he and his partner have considered taking legal action against Chance. Chandler stated that the current plan

10

for the property is to see if they can get a good offer for it because the market has been unfavorable the last couple of years.

Courtney's attorney made a closing argument to the trial court and asked for a turnover of Chance's bank accounts, for the court to clarify the decree to put the legal description in the decree to assist in making sure Courtney gets her share of the proceeds of that sale, for the trial court to appoint a receiver to make sure that when the sale takes place and so the receiver makes sure that she gets her share, for Chance to have to pay for all the expenses, and to make Chance accountable by having to pay attorney's fees.

Chance's attorney argued that this is the first case in his almost twenty years of representing judgment creditors and debtors where it has gone from "zero to Mach Five[]" with no demand letters, post-judgment discovery efforts, or writs of execution. Chance's attorney asserted that receivers charge roughly ten percent commissions, that appointing a receiver is "a remedy that's reserved [for] after other efforts have been exhausted[,]" and that none of those other efforts have been pursued. Chance's attorney argued that the trial court should allow post-judgment discovery, and if Chance is not compliant, "then at that point take that drastic action[]" such as awarding attorney's fees, ordering a receiver, or ordering a turnover.

The trial court stated its ruling on record as follows:

11

You said earlier, [Chance's attorney], that - - that these were extreme measures. Well, this - - this is an extreme case. Ever since the petition [for divorce] was filed on August the 5th of 2020, I have sat here through numerous hearings. I have heard hours and hours and hours of testimony. . . .

It has been so frustrating for almost four years. This case takes the cake. This is not like hardly any other case we've ever heard. I've heard these cases for 16 years, heard thousands of divorce cases in that time; and this is right up there. I mean, clear back from, you know, the repo situation we talked about. It's been very frustrating. . . .

So, I am going to grant the relief requested by the petitioner - - or the movant, [Courtney]. I will grant the request for a turnover order that [Chance] be ordered to turnover the information of his personal bank accounts. We'll just call for them both at First Financial Bank and First State Bank. Both of those banks I understand to be here in Orange, order that he not change banks or move any of the money out of those accounts in those two banks I've just listed into any accounts or any other banks. That will be a period of . . . six months.

I will order that we have clarification and a declaration of the exact legal description of what's been referred to as the 40 acres on a property on Highway 105 in Orange County. I will order that a receiver be appointed to be in charge of [Chance]'s share of those proceeds. [] I will grant [Courtney's attorney]'s request that he be awarded 4,100 in attorney's fees. I'll sign that order as soon as I get it.

The Orders Being Appealed

On July 10, 2024, the trial court signed three orders from which Chance appeals: an Order Clarifying Final Decree of Divorce, an Order for Turnover Relief, and an Order on Motion for Appointment of Receiver. The Order Clarifying Final Decree of Divorce stated, in pertinent part, the following:

*Clarification of Prior Order*
The Court finds that certain terms of the Final Decree of Divorce rendered by the Court on May 2, 2023, in the above styled and numbered cause, are not specific enough. Particularly, the property description of the 40-acre property on Highway 105, Orange, Texas.

12

The Court finds that the property description [] in the attached Exhibit "A" would more specifically describe[] the aforementioned property.
*Ruling*

IT IS ORDERED that the property description of the 40-acre property on Highway 105, Orange, Texas be clarified in the Final Decree of Divorce to include the description in the attached Exhibit "A".

Exhibit "A" attached to the Order provided the legal description of the property.

The Order for Turnover Relief stated that the trial court found that Chance owned property that is not exempt under any statute from attachment, execution or seizure, and the trial court ordered the following:

It is therefore ORDERED that Defendant, CHANCE PERRY, turn over for levy to [Plaintiff's attorney], on or before June 28, 2024, the following: All checking and/or savings accounts located at First State Bank and First Financial Bank, with all documents and records related to the property.

It is further Ordered that Respondent, CHANCE M. PERRY, not transfer or withdraw any funds from the aforementioned accounts or move financial institutions for the six-month period after the entry of this Order.

It is further ORDERED that Plaintiff recover from Defendant reasonable and necessary attorney's fees in the amount of FOUR THOUSAND ONE HUNDRED AND 00/100 DOLLARS ($4,100.00) and all costs of this proceeding.

The trial court's Order on Motion for Appointment of Receiver stated that the trial court had found that proper grounds exist for the immediate appointment of a receiver. The trial court appointed William Ford Dishman as Receiver "to take charge and possession of sale proceeds owed to CHANCE M. PERRY, as a member of Abundant Life, LLC, after the sale of the property" identified in the property

13

description attached to the Order "and distribute half of the proceeds to COURTNEY L. PERRY and half of the proceeds to CHANCE M. PERRY." The property description attached as Exhibit "A" is the same as the Exhibit "A" attached to the Order Clarifying Final Decree of Divorce. The trial court also ordered that the parties cooperate with the Receiver, that the Receiver may enforce the Order by contempt if the parties do not cooperate, and that the Receiver's fee is to be paid by Chance.

### Post-Judgment Pleadings and the Trial Court's Findings

Chance filed a Motion for New Trial, which the trial court denied. At Chance's request, the trial court entered findings of fact and conclusions of law as to each of the three orders it signed on July 10, 2024.[2] Chance timely filed this appeal.

### Issues on Appeal

In his first issue, Chance argues the trial court erred in hearing and granting Courtney's Petition for Enforcement because Courtney "failed to serve proper ten-day notice of the hearing" on Chance.[3] In his second issue, he argues that the trial

---

[2] On appeal, Chance does not specifically challenge any of the trial court's findings.

[3] We note that elsewhere in Chance's appellate brief he presents "ISSUE NO. 1 (Restated)[,]" wherein he asserts the trial court erred in not granting Chance's Motion for New Trial. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (an appellate court reviews the denial of a motion for new trial for an abuse of discretion).

court erred in hearing and granting Courtney's Petition for Enforcement because Courtney failed to serve Abundant Life, LLC, a necessary party.

## Standard of Review

We review a trial court's turnover order and a trial court's decision to appoint a receiver under an abuse-of-discretion standard. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We also review a trial court's ruling on a post-divorce motion for enforcement of a divorce decree for an abuse of discretion. *Welch v. Welch*, No. 09-16-00249-CV, 2018 Tex. App. LEXIS 2596, at *6 (Tex. App.—Beaumont Apr. 12, 2018, no pet.) (mem. op.). "A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable or arbitrary manner." *Buller*, 806 S.W.2d at 226 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985)). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Id.*

## Analysis

In his first issue, Chance argues the trial court erred in hearing and granting Courtney's Petition for Enforcement because Courtney "failed to serve proper ten-day notice of the hearing" on Chance. Chance contends that section 157.062 of the Texas Family Code requires Courtney to provide Chance at least ten days' notice of the hearing on the Petition for Enforcement, and that, because he was only given

eight days' notice of the hearing, the trial court's orders were void and Chance was denied due process. *See* Tex. Fam. Code Ann. § 157.062(c).

Section 157.062(c) provides as follows:

(c) Notice of hearing on a motion for enforcement of a final order providing for child support or possession of or access to a child, any provision of a final order rendered against a party who has already appeared in a suit under this title, or any provision of a temporary order shall be given to the respondent by personal service of a copy of the motion and notice not later than the 10th day before the date of the hearing. For purposes of this subsection, "temporary order" includes a temporary restraining order, standing order, injunction, and any other temporary order rendered by a court.

*Id.* "Failure to give the notice required by Section 157.062 does not render the proceeding void unless the lack of notice amounts to a denial of constitutional due process." *In re V.L.K.*, No. 02-10-00315-CV, 2011 Tex. App. LEXIS 5912, at *10 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.) (citing *Ex parte Davis*, 344 S.W.2d 153, 155-56 (Tex. 1961) (discussing section 157.062's predecessor and noting that "holding of the hearing in less than ten days after service of notice *may* constitute a denial of due process[]" and that the purpose of the ten day notice requirement is "to afford the defaulting party a reasonable opportunity to employ counsel, gather evidence, subpoena witnesses and prepare for trial[]") (emphasis added)); *see Ex parte Sturdivant*, 544 S.W.2d 512, 513-14 (Tex. App.—Texarkana 1976, orig. proceeding) (failure to afford ten days' prior notice alone is not a denial of due process and whether less than the ten days' notice affords due process depends

16

on the facts and circumstances of each case); *see also In re Minschke*, No. 13-20-00508-CV, 2021 Tex. App. LEXIS 3575, at \*\*37-38 (Tex. App.—Corpus Christi–Edinburg May 7, 2021, orig. proceeding) (mem. op.) (noting that courts following *Davis* have held that the lack of the requisite notice under section 157.062 results in a void order if it "constitutes a denial of a party's due process rights[]"); *Target Logistics, Inc. v. Office of Attorney Gen. of Tex.*, 465 S.W.3d 768, 770 (Tex. App.—El Paso 2015, no pet.) (noting that sister courts have found that late notice under section 157.062(c) may render the judgment void if the notice constitutes a denial of a party's due process rights). "In determining whether the failure to give the required notice amounts to a denial of constitutional due process, '[e]ach case must be judged upon its own facts.'" *In re Minschke*, 2021 Tex. App. LEXIS 3575, at \*38 (quoting *Ex parte Sturdivant*, 544 S.W.2d at 513-14).

Here, Chance was represented at the hearing by counsel, his counsel cross-examined Courtney's witnesses, Chance presented his own witness to testify, and Chance testified extensively. At the hearing, Chance asked for a continuance on the basis that Abundant Life, LLC had not been served or joined, but he did not argue that he was unable to prepare for the proceeding. On appeal, he generally argues that Courtney's failure to serve him with proper notice caused him to "suffer[] prejudice in that his ability to prepare for the hearing was harmed[,]" but he provides no specific factual allegations regarding how he was prejudiced. On this record, we

17

cannot say that Chance was denied due process by having less than ten days' notice under section 157.062(c). *See In re V.L.K.*, 2011 Tex. App. LEXIS 5912, at \*\*10-11 (concluding there was not a due process violation for failing to give the required notice where the objecting party appeared with counsel and "testified extensively"); *Ex parte Waldrep*, 783 S.W.2d 332, 334 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (relator ex-husband was not denied due process merely because contempt hearing for his failure to make child support payments was held on less than ten days' notice where he voluntarily appeared, presented testimony, and there was no indication that the lack of notice "had an adverse effect on the relator's ability to protect his interests or defense himself[]"); *see also In re Minschke*, 2021 Tex. App. LEXIS 3575, at \*38; *Ex parte Sturdivant*, 551 S.W.2d 144, 146 (Tex. Civ. App.—Texarkana 1977, orig. proceeding). We overrule his first issue.

In his second issue, he argues that the trial court erred in hearing and granting Courtney's Petition for Enforcement because Courtney failed to serve Abundant Life, LLC, a "necessary party." Specifically, Chance argues that Abundant Life, LLC was a necessary party because of "[Courtney]'s pleadings, the filing of a *lis pendens* against property owned by this third party, and the appointment of a receiver to take property owned by this third party." According to Chance, Abundant Life, LLC was a necessary party and should have been joined pursuant to Rule 39(a) of the Texas Rules of Civil Procedure. Chance argues that the trial court's appointment

18

of a receiver prejudiced the rights of Abundant Life, LLC, as well as the rights of Chance, one of three members of Abundant Life, LLC because Chance cannot represent Abundant Life, LLC's interest. He further contends that Abundant Life, LLC's property rights were directly impacted by the trial court's orders, despite the fact it was not being sued, and it was not served or given notice of the proceeding.

The trial court that rendered a final decree of divorce retains power to enforce the decree's property division and to render a clarifying order setting forth specific terms to enforce compliance of the order. *See* Tex. Fam. Code Ann. §§ 9.002, 9.006, 9.008; *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) (discussing section 9.006(a)). Section 157.062 requires that the "respondent" receive notice of the date of the hearing on a motion to enforce. *See* Tex. Fam. Code Ann. § 157.062(c). In this proceeding, Chance was the respondent, not Abundant Life, LLC. Chance was properly served with the enforcement action, and the applicable statute did not require service upon Abundant Life, LLC. *See id.*

Next, we examine Chance's argument that the trial court erred by proceeding with the hearing on Courtney's Petition for Enforcement without the presence of Abundant Life, LLC because Abundant Life, LLC was a "necessary party."[4] We review a trial court's ruling on an issue concerning joinder of a party for an abuse of

---

[4] The record shows that Courtney served Abundant Life, LLC with notice of the enforcement hearing by serving its registered agent, Chance, at least three days prior to the hearing. *See* Tex. R. Civ. P. 21(b).

19

discretion. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 910-11 (Tex. 2017).

Rule 39(a) of the Texas Rules of Civil Procedure states, in relevant part:

> (a) Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

Tex. R. Civ. P. 39(a). It is undisputed that after the divorce lawsuit was arbitrated, the trial court entered a divorce decree which awarded Courtney one-half of Chance's share *of the net proceeds of Abundant Life, LLC's sale of its property* on Highway 105 in Orange, Texas. Abundant Life, LLC is not claiming an interest in Courtney's enforcement proceeding, and the proceeding did not impair Abundant Life, LLC's ability to sell or protect its property. *See id.* The trial court appointed the receiver to ensure control of Chance's proceeds from the future sale of the property to satisfy the earlier judgment awarding Courtney a share of the future proceeds. The Order on Motion for Appointment of Receiver provided that the trial court appointed the receiver "to take charge and possession of sale proceeds owed to CHANCE [], as a member of Abundant Life, LLC, after the sale of the property [on Highway 105 as described in Exhibit A] and distribute half of the proceeds to COURTNEY[,]" and the receiver was not given charge or possession of Abundant

20

Life, LLC's assets. With respect to the turnover of Chance's bank accounts, the trial court found that in this "extreme case" it was necessary to satisfy the trial court's earlier award to Courtney of $5,000 against Chance that he had not paid to her. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 31.002, 64.001. We conclude the trial court did not abuse its discretion in determining that all necessary parties were properly cited, in proceeding with the hearing, and in rendering the Order Clarifying Final Decree of Divorce, the Order of Turnover Relief, and the Order on Motion for Appointment of Receiver. *See Buller*, 806 S.W.2d at 226; *Welch*, 2018 Tex. App. LEXIS 2596, at *6. We overrule Chance's issues on appeal, and we affirm the trial court's orders of July 10, 2024.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on June 12, 2025
Opinion Delivered December 11, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

21